**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Case No. 25-cv-01042 (JEB)**

K.L. Smith,

    Plaintiff,

v.

PETE R. FLORES, et al.,

    Defendants.

_____

**PLAINTIFF'S REVISED MOTION FOR LEAVE TO SERVE DEFENDANTS**
**BY ALTERNATIVE MEANS**

Plaintiff, *in propria persona*, respectfully moves this Court for an order authorizing alternative service on Defendants in their personal capacities, pursuant to Federal Rule of Civil Procedure 4(e)(1), by certified mail to their workplaces or places of abode, and in support thereof states as follows:

**ARGUMENT**

The news speaks for itself.  E.g., Michael Kunzelman, Man Pleads Guilty to Assassination Attempt on Justice Brett Kavanaugh, *Huffington Post* (AP), Apr. 8, 2025; Stepheny Price, Top Iranian cleric issues 'fatwa' against Trump, Netanyahu, *Fox News*, Jun. 29, 2025; Khaleda Rahman, Judge Chutkan 'Swatted' as Audio Released of Police Response, *Newsweek*, Jan. 8, 2024.  Sadly, it is the world in which we find ourselves.

This matter creates unique service challenges due to Defendants' heightened security measures and public positions. Traditional service under FRCP 4(e)(2) is therefore impracticable, necessitating service by certified mail to ensure notice while respecting security realities.

1

RECEIVED

JUN 30 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

As Plaintiff has not been allowed to pursue this matter under the relative safety of a pseudonym (for reasons that have never been satisfactorily explained), Court assistance in serving Defendants is no longer required, and that portion of the request is withdrawn.

Plaintiff reiterates the request for permission to serve the Defendants via certified mail, by and through a process server, as proposed in the Motions previously filed and attached hereto.

Respectfully submitted this 30th day of June, 2025,



_____

K.L. Smith
3649 Evergreen Pkwy. #504
Evergreen, CO. 80437-0502
Manncoulter.fox@gmail.com
(720) 551-2488

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Case No. 25-cv-01042**
**Hon. James E. Boasberg, presiding**

JOHN DOE,

        Plaintiff,

v.

PETE R. FLORES, et al.,

        Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS DONALD TRUMP, ELON MUSK, AND J.D. VANCE BY ALTERNATIVE MEANS**

---

Plaintiff, in propria persona and proceeding anonymously pursuant to a pending motion for leave, respectfully moves this Court for an order authorizing alternative service on Defendants Donald Trump, Elon Musk, and J.D. Vance in their personal capacities, pursuant to Federal Rule of Civil Procedure 4(e)(1), by certified mail to their workplaces or places of abode, and in support thereof states as follows:

**ARGUMENT**

This is an admittedly unusual case. This matter raises complex and novel legal questions, detailed in the complaint, creating unique service challenges due to Defendants' heightened security measures and public positions. Traditional service under FRCP 4(e)(2) is therefore impracticable, necessitating service by certified mail by the Clerk of Court to ensure notice while respecting security realities.

1

## FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in support of this Motion:

1. Defendant Donald Trump is currently occupying the office of the Presidency of the United States, and is protected by the Secret Service.

2. Defendant Musk is currently the C.E.O. of Tesla Corp., Space X, and X Corp. and on information and belief, is head of the "Department of Government Efficiency"; he is, on information and belief, the richest man in the world, employing a security force commensurate to his stature.

3. Defendant J.D. Vance is currently occupying the office of the Vice-Presidency of the United States, and is protected by the Secret Service.

4. Traditional service under FRCP 4(e)(2) is impracticable due to Secret Service protection for Defendants Trump and Vance and Musk's private security and reported death threats. See Reuters, *Musk: Government Efficiency Team Is Getting Death Threats on Daily Basis* (Mar. 24, 2025), https://www.reuters.com/world/us/musk-government-efficiency-team-is-getting-death-threats-daily-basis-2025-03-24/.

5. Plaintiff has not attempted personal service due to the documented presence of Secret Service protection and Musk's formidable private security; attempts at personal service at residential addresses would be unduly burdensome and may pose security concerns. Traditional personal service is unlikely to succeed and would unnecessarily risk confrontation with federal protective services.

6. Upon diligent research, Plaintiff believes Defendants may be served at the following workplaces or places of abode:

   - Donald J. Trump: Mar-a-Lago, 1100 S Ocean Blvd, Palm Beach, FL 33480 (place of abode).
   - Elon Musk: SpaceX Starbase, 50979 Boca Chica Blvd, Brownsville, TX 78521 (workplace).
   - J.D. Vance: Number One Observatory Circle, Washington, D.C. 20008 (workplace and place of abode).

7. Accordingly, Plaintiff requests that this Court direct the Clerk to serve process via certified mail, return receipt requested, and in coordination with the Secret Service for Defendants Trump and Vance, on:

   **Defendant Trump**, addressed as follows: Donald J. Trump, Mar-a-Lago, 1100 S Ocean Blvd, Palm Beach, FL 33480, in accordance with Fla. R. Civ. P. 1.070.

**Defendant Musk** by Certified mail, return receipt requested, to: SpaceX Starbase, 50979 Boca Chica Blvd, Brownsville, TX 78521, in accordance with Tex. R. Civ. P. 106(a)(2) and, if necessary, 106(b).

**Defendant Vance** by certified mail, addressed as follows: J.D. Vance, Number One Observatory Circle, Washington, D.C. 20008, in accordance with D.C. D.C. Super. Ct. R. Civ. P. 4(c)(3) and 4(e).

8. Alternative service is appropriate where traditional means are impracticable, and the proposed method is reasonably calculated to give notice. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002); *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012).

9. This method is reasonably calculated to provide notice, consistent with *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and is narrowly tailored to respect Defendants' security realities.

10. Directing the Clerk of Court to handle mailings ensures neutrality and compliance with security protocols, further preserving Plaintiff's anonymity.

## LEGAL ARGUMENT

A separate Memorandum of Points and Authorities is filed concurrently, pursuant to D.C. Local Civ. R. 7(a), detailing the legal basis for alternative service.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court declare personal service attempts futile and grant leave to serve Defendants by certified mail by the Clerk of Court, as set forth in the attached Proposed Order.

Respectfully submitted this 23rd day of April, 2025,

_____/signed under seal/_____
John Doe (Filing Anonymously,
Pending Motion for Leave).

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 25-cv-01042
Hon. James E. Boasberg**

JOHN DOE,

        Plaintiff,

v.

PETE R. FLORES, et al.,

        Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS ROBERTS, THOMAS, KAVANAUGH, GORSUCH, BARRETT, AND ALITO BY ALTERNATIVE MEANS**

---

Plaintiff in propria persona and proceeding anonymously pursuant to a pending motion for leave, respectfully moves this Court for an order authorizing alternative service on Defendants John G. Roberts, Jr., Clarence Thomas, Brett M. Kavanaugh, Neil M. Gorsuch, Amy C. Barrett, and Samuel A. Alito, Jr., (hereinafter, "the Justices") in their personal capacities, pursuant to Federal Rule of Civil Procedure 4(e)(1) and the inherent jurisdictional powers of this Court, and in support thereof states as follows:

**ARGUMENT**

This is an admittedly unusual case.  This matter raises complex and novel legal questions, detailed in the complaint, creating unique service challenges due to Defendants' heightened security measures and public positions. Traditional service under Fed. R. Civ. P. 4(e)(2) is therefore impracticable, necessitating service by certified mail by the Clerk of Court to ensure notice while respecting security realities.

1

## FACTUAL ALLEGATIONS

Plaintiff alleges the following facts in support of this Motion:

1. Each of the above-named Defendants is a sitting Justice of the Supreme Court of the United States, presently employed at 1 First Street NE, Washington, DC, 20543.

2. Plaintiff brings this action against each in their personal capacity pursuant to Article III, Section 1 of the Constitution, which provides that federal judges "shall hold their Offices during good Behaviour."

3. Due to heightened security concerns and the Defendants' unique public positions, personal service under Rule 4(e)(2) is impracticable.

4. Based on publicly available information, Plaintiff believes that Defendants maintain residences in the following jurisdictions:

   o   Justice Kavanaugh: Chevy Chase, Maryland
   o   Justice Thomas: Fairfax Station, VA, 22039
   o   Chief Justice Roberts: Chevy Chase, MD, 20815
   o   Justice Gorsuch: (Unknown)
   o   Justice Barrett: (Unknown)
   o   Justice Alito: Alexandria, Virginia

5. Attempts at personal service at residential addresses would be unduly burdensome and may pose security concerns. Traditional personal service is unlikely to succeed and would unnecessarily risk confrontation with federal protective services.

6. Accordingly, Plaintiff requests that this Court direct the Clerk to serve process via certified mail, return receipt requested, directed to each Justice, care of the Clerk of the Supreme Court of the United States, at 1 First Street NE, Washington, DC, 20543, in coordination with the U.S. Marshal Service.

7. Alternative service is appropriate where traditional means are impracticable, and the proposed method is reasonably calculated to give notice. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002); *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012).

8. The relief requested herein is narrowly tailored to ensure Defendants receive adequate notice while respecting the sensitive security realities associated with their positions. These methods are "reasonably calculated" to provide notice, satisfying due process, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

2

9. Directing the Clerk of Court to handle mailings ensures neutrality and compliance with security protocols, further preserving Plaintiff's anonymity.

## LEGAL ARGUMENT

A separate Memorandum of Points and Authorities is filed concurrently, pursuant to D.C. Local Civ. R. 7(a), detailing the legal basis for alternative service.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court declare personal service attempts futile and grant leave to serve the Defendant Justice by certified mail by the Clerk of Court, as set forth in the attached Proposed Order.

Respectfully submitted this 23rd day of April, 2025,

_____/signed under seal/_____
John Doe (Filing Anonymously,
Pending Motion for Leave).

3