UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

K.L. SMITH,

        *Plaintiff*,

  v.

PETE R. FLORES, et al.,

        *Defendants*.

Civil Action No. 25-cv-1042 (CJN)

## MEMORANDUM OPINION

Plaintiff K.L Smith, proceeding *pro se*, sued President Donald J. Trump, Vice President J.D. Vance, former acting commissioner of U.S. Customs and Border Protection Pete R. Flores, several Supreme Court Justices, Elon Musk, Congressman James Michael Johnson, and 500 unnamed Defendants, alleging various political grievances and conspiracy theories. *See* ECF No. 20 ("Compl."). The government moves to dismiss. *See* ECF No. 42. For the reasons discussed below, the Court grants that motion and dismisses this case.

**I.    Background**

To the extent it can be understood, Smith's nine-count complaint claims that President Trump lacks "legal authority to serve as President of the United States;" suppresses Smith's access to truthful reporting"; serves "foreign and domestic benefactors in exchange for personal and financial gain;" fails to enforce the law; "suppresses eligible voters" by requiring proof of citizenship to vote; and is "unconstitutional[ly] enrich[ed]" by unlawfully holding office. Compl. at ¶¶ 202, 207–08, 215–19, 228, 262, 264. Smith further asserts that he "has suffered and will continue to suffer injury from the Conspiring [Supreme Court] Justices' systematic corruption of the judiciary," and that he "faces imminent harm from DOGE's" cuts to his social security benefits.

1

*Id.* at ¶¶ 225, 245. Although Smith's complaint is rambling and often unintelligible, his core contention seems to be that President Trump cannot lawfully be President and everything he has done in office is "void as a matter of law." *Id.* ¶ 202; *see generally id.* For relief, Smith seeks a declaration that President Trump cannot serve as President, an injunction forbidding Flores from collecting tariffs imposed by President Trump's "void Executive Orders," an injunction forbidding Justices "Roberts, Thomas, Alito, Gorsuch, Kavanaugh, and Barrett from wielding judicial power," and compensatory and punitive damages for his losses, among other things. *See id.* at 56–57.[1]

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff—even one proceeding *pro se*—bears the burden of establishing that the Court has subject-matter jurisdiction over his claims. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011) ("[T]he requirement that courts liberally interpret *pro se* pleadings does not dispense with the constitutional requirement of standing.").[2] In deciding a 12(b)(1) motion, the Court "need not limit itself to the allegations of the complaint." G*rand Lodge of the Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 14 (D.D.C. 2001). Rather, the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of

---

[1] The Court cites to the complaint's page numbers here, because Smith stopped using numbered paragraphs at the end of his complaint.

[2] The government also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Smith's complaint fails to state a claim upon which relief can be granted. *See* ECF No. 42 at 6–7. Because the Court concludes that it lacks jurisdiction over Smith's claims, it need not decide whether Smith's complaint satisfies Rule 12(b)(6). *See Newby v. Obama*, 681 F. Supp. 2d 53, 55 n. 6 (D.D.C. 2010) ("Because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims, it need not reach the question of whether plaintiff adequately stated a claim under Rule 12(b)(6) or whether the doctrines of collateral estoppel and *res judicata* apply."); *Curran v. Holder*, 626 F. Supp. 2d 30, 32 (D.D.C. 2009).

jurisdiction." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). The factual allegations in a plaintiff's complaint, however, "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." G*rand Lodge*, 185 F. Supp. 2d at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)). If the Court finds that it lacks jurisdiction over a claim, it must dismiss that claim without prejudice. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *see N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020).

**III.   Analysis**

Article III of the Constitution limits federal courts' jurisdiction to resolving "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. "A showing of standing is [therefore] an essential and unchanging predicate to any exercise of [federal court] jurisdiction." *Grand Lodge*, 185 F. Supp. 2d at 14 (alterations in original) (internal quotation marks omitted) (quoting *Florida Audubon Soc. v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996)). "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan*, 504 U.S. at 560–61). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way," and for it to be concrete, it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016) (internal quotation marks omitted).

Here, Smith has failed plausibly to allege Article III standing. His complaint sets forth an array of political grievances and conspiracy theories about various federal officials and public figures but contains no factual allegations explaining how he has been personally or concretely injured by the events or actions he describes. *Cf. Strunk*, 880 F. Supp. 2d 1 at 4 (finding that a plaintiff asserted "only a generalized grievance [ ], rather than a particularized injury" where he claimed that the President was ineligible for office, making his acts "void *ab initio*"); *Alter v. United States Dep't of Gov't Efficiency*, No. 25-cv-1162, 2025 WL 1279354, at *2–3 (D.D.C. May 3, 2025), *aff'd,* No. 25-5172, 2025 WL 2463705 (D.C. Cir. Aug. 27, 2025) (finding that a plaintiff who asserted that various government services he relied on were "clearly under attack" and "intentionally inhibit[ed]" by DOGE failed to establish a particularized injury). Because Smith's complaint alleges no facts establishing a "particularized stake in the litigation," it amounts to "precisely the kind of undifferentiated, generalized grievance about the conduct of government that" federal courts cannot entertain. *Lance v. Coffman*, 549 U.S. 437, 442 (2007); *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) ("A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" (quoting *Lujan*, 504 U.S. at 573–74)).[3]

---

[3] Even if Smith had alleged a particularized injury, he cannot satisfy Article III's redressability requirement because the Court cannot grant the relief he seeks. For example, Smith requests an injunction preventing six Supreme Court justices "from wielding judicial power" and granting him access to a grand jury to secure indictments against "all named Defendants other than Flores." Compl. at 56–57. The Court has no power to issue such an order. *See Panko v. Rodak*, 606 F.2d 168, 171 n. 6 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

5

Accordingly, this matter is dismissed without prejudice. A separate Order will accompany this Memorandum Opinion.

DATE: January 22, 2026

CARL J. NICHOLS
United States District Judge

5